UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14301-CIV-CANNON/McCabe

SARABETH DEMARTINO,

    Plaintiff,
v.

EMPIRE HOLDINGS AND INVESTMENTS, LLC
and **JUAN CARLOS MARRERO**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 99]**

**THIS CAUSE** comes before the Court upon Defendants' Motion for Summary Judgment (the "Motion") [ECF No. 64]. The Motion was referred to Magistrate Judge Ryon M. McCabe for a report and recommendation [ECF No. 85]. On December 15, 2023, Judge McCabe issued a report recommending that the Motion be granted in part (the "Report") [ECF No. 99]. Defendants filed Objections to the Report [ECF No. 100], to which Plaintiff responded [ECF No. 101].[1] The Court has reviewed the Report [ECF No. 99], Defendants' Objections [ECF No. 100], and the full record. For the reasons set forth below, the Report [ECF No. 99] is **ACCEPTED**, and the Motion [ECF No. 64] is **GRANTED IN PART.**

**RELEVANT BACKGROUND**

This Order assumes a general understanding of the factual and procedural history of this case as thoroughly set forth in the Report [ECF No. 99 pp. 3–8]. In short, Plaintiff alleges that

---

[1] Plaintiff did not file her own objections to the Report.

CASE NO. 22-14301-CIV-CANNON/McCabe

Defendants discriminated against her because of her pregnancy and planned maternity leave [ECF No. 27]. Plaintiff's Amended Complaint brings five counts:

- **Count I:** Pregnancy Discrimination against Empire Holdings and Investments, LLC ("Empire") pursuant to Title VII of the Civil Rights Act [ECF No. 27 ¶¶ 62–66]

- **Count II:** Pregnancy Discrimination against Empire pursuant to the Florida Civil Rights Act ("FCRA") [ECF No. 27 ¶¶ 67–71]

- **Count III:** Retaliation against Empire pursuant to Title VII [ECF No. 27 ¶¶ 72–76]

- **Count IV:** Retaliation against Empire pursuant to FCRA [ECF No. 27 ¶¶ 77–81]

- **Count V:** Interference against Empire and Juan Carlos Marrero in violation of the Family Medical Leave Act ("FMLA") [ECF No. 27 ¶¶ 82–91]

On October 11, 2023, Defendants filed the instant Motion for Summary Judgment, seeking dismissal of all counts brought in the Amended Complaint [ECF No. 64]. Plaintiff filed a Response in Opposition [ECF No. 75], and Defendants filed a Reply in Support [ECF No. 82]. Following referral, on November 29, 2023, Judge McCabe heard argument on the Motion [ECF No. 89]. On December 15, 2023, Judge McCabe issued the Report, recommending that Defendants' Motion be granted as to Counts III and IV but denied as to Counts I, II, and V [ECF No. 99]. Defendants filed its Objections to the Report on December 29, 2023 [ECF No. 100]. The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

### I. Pregnancy Discrimination under Title VII & FCRA (Counts I and II)

The Report recommends denying Defendants' Motion on Counts I and II, because there is a genuine issue of material fact as to Defendants' motivation for terminating Plaintiff [ECF No. 99 pp. 8–13]. The Court agrees. Applying the "convincing mosaic" standard for summary judgment,[2] *see Lewis v. City of Union City, Georgia*, 934 F.3d 1169, 1185 (11th Cir. 2019), Judge McCabe cited circumstantial evidence from which a reasonable factfinder could infer discrimination based on Plaintiff's pregnancy [ECF No. 99 pp. 11–12 (setting forth twelve bullet points with thorough citations to the record)]. Drawing all inferences in the light most favorable to the nonmovant, as is required at the summary judgment stage, *Sutton v. Wal-Mart Stores East, LP*, 64 F.4th 1166, 1168 (11th Cir. 2023), the Court agrees that the record reflects "enough evidence for a reasonable factfinder to infer intentional discrimination in an employment action"

---

[2] As the Report explains, the Eleventh Circuit recognizes two methods by which a plaintiff can show discriminatory intent via circumstantial evidence [ECF No. 99 pp. 9–10]. First, a plaintiff may rely on the "burden shifting framework" of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Alternatively, a plaintiff may rely on the "convincing mosaic" standard, under which a plaintiff presents a "convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011). Plaintiff proceeds by way of the "convincing mosaic" method here [ECF No. 75].

such as this one. *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023) (citation omitted).

Defendants object to this portion of the Report, arguing that it (1) fails to address two "necessary elements" of the "convincing mosaic" standard; and (2) relies on insufficient circumstantial evidence [ECF No. 100 pp. 2–11]. As explained below, the Court rejects both of Defendants' arguments.

### a. The "convincing mosaic" standard does not require Plaintiff to rigidly satisfy three elements to avoid summary judgment.

Defendants first argue that the Report failed to address two "essential elements" in its convincing mosaic analysis [ECF No. 100 pp. 2–5]. This argument reflects a misunderstanding of the "convincing mosaic" standard as articulated by the Eleventh Circuit. In *Lewis v. City of Union City, Georgia*—a key case concerning the "convincing mosaic" standard—the Eleventh Circuit explained:

> A "convincing mosaic" may be shown by evidence that demonstrates, among other things, (1) "suspicious timing, ambiguous statements . . . , and other bits and pieces from which an inference of discriminatory intent might be drawn," (2) systematically better treatment of similarly situated employees, and (3) that the employer's justification is pretextual.

934 F.3d at 1185 (quoting *Silverman v. Bd. of Educ. of City of Chi.*, 637 F.3d 729, 734 (7th Cir. 2011)). Defendants interpret *Lewis* and its progeny as establishing a rigid set of three elements a plaintiff must satisfy to survive summary judgment [ECF No. 100 pp. 2–3]. This is incorrect. The Eleventh Circuit has stressed that the "convincing mosaic" standard is properly understood as "a metaphor, not a legal test and not a framework." *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1311 (11th Cir. 2023). Under a "convincing mosaic" analysis—as with any summary judgment analysis—"[i]f the plaintiff presents enough circumstantial evidence to raise a reasonable inference of intentional discrimination, her claim will survive summary judgment."

*Tynes*, 88 F.4th at 947. Accordingly, the three-item list provided in *Lewis* does not set forth essential, prerequisite elements; rather, it provides guiding categories of evidence "likely to be probative" of discrimination. *Id.* at 946 n.2. Thus, it is incorrect to suggest, as Defendants do, that showing differential treatment of a similarly situated "comparator" is a "necessary element" under the convincing mosaic standard [ECF No. 11 p. 3]; *see Tynes*, 88 F.4th at 946 n.2 ("Given the wide scope of available evidence, the convincing mosaic standard can be of particular significance when the plaintiff cannot identify a similarly situated comparator, as the *McDonnel Douglas* framework requires."). The Report's analysis is consistent with this precedent [ECF No. 99 pp. 10–13], warranting rejection of Defendants' first objection.[3]

### b. The Report's recommendation as to Counts I and II cites sufficient circumstantial evidence to support an inference of discriminatory intent.

Defendants' second criticism of the Report—that it relies on insufficient circumstantial evidence in recommending Defendants' Motion be denied as to Counts I and II—also lacks merit [ECF No. 100 pp. 5–11]. As mentioned above, the Report identifies twelve pieces of evidence (with supporting citations to the record) from which a reasonable jury could conclude that Empire terminated Plaintiff due to her pregnancy, not her poor performance [ECF No. 99 pp. 11–12 (identifying examples of "suspicious timing, inconsistent statements made to Plaintiff, and inconsistent statements offered to the EEOC")]. In their objections, Defendants attempt to contest, undermine, and recontextualize some of this evidence [ECF No. 100 pp. 5–11]. But drawing all

---

[3] Defendants cite to a single unpublished Eleventh Circuit case, *Daneshpajouh v. Sage Dental Grp. of Florida*, 2023 U.S. App. LEXIS 1490 (11th Cir. Jan. 20, 2023), in support of their argument that the convincing mosaic standard involves three "essential elements" [ECF No. 100 pp. 2–3]. To the extent that *Daneshpajouh* suggests a plaintiff "must" satisfy all three elements to show a convincing mosaic, 2023 U.S. App. LEXIS 1490, at *7, it is inconsistent with *Lewis*—which uses the word "may," 934 F.3d at 1185—and other binding Eleventh Circuit precedent. *See, e.g., Tynes*, 88 F.4th at 946 n.2; *Berry*, 84 F.4th at 1311.

inferences in the light most favorable to Plaintiff (the non-moving party), the record provides sufficient evidence of a genuine issue of material fact. *See Sutton*, 64 F.4th at 1168. Even if the Court were to assume that some of Defendants' arguments have merit, there still would remain sufficient evidence—among the twelve categories of evidence enumerated in the Report—from which a reasonable factfinder could infer discriminatory intent. *Smith*, 644 F.3d at 1328 ("[N]o matter its form, so long as the circumstantial evidence raises a reasonable inference that the employer discriminated against the plaintiff, summary judgment is improper."); *see also Tynes*, 88 F.4th at 955 (Newsome, J., concurring) ("And a mosaic—in its truest sense a collection—isn't necessary to defeat summary judgment; a single item of evidence can at least theoretically suffice."). Accordingly, the Report was correct to deny summary judgment on Counts I and II. The Court expresses no view on the merits of Plaintiff's claims.

## II. Retaliation under Title VII and FCRA (Counts III and IV)

Next, the Report recommends granting summary judgment as to Counts III and IV: Plaintiff's retaliation claims under Title VII and the FCRA [ECF No. 99 pp. 13–16]. Because there are no objections to this conclusion, the Court may accept this portion of the Report so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Upon review, the Court finds the Report's determinations as to Counts III and IV to be well reasoned and correct for the reasons set forth therein: the undisputed facts show that Plaintiff cannot satisfy the prima facie elements of her retaliation claims—namely, the existence of a "causal relationship" between the alleged protected conduct (a January 24, 2022, text message to an Empire executive) and the adverse employment decision (the decision to terminate Plaintiff, made on December 29, 2021)

[ECF No. 99 pp. 13–16 (citing *Johnson v. Miami-Dade County*, 948 F.3d 1318, 1325 (11th Cir. 2020))].[4] Dismissal of Counts III and IV is proper.

### III. Interference under the FMLA (Count V)

Lastly, the Report recommends denying Defendants' Motion on Count V, determining that, when viewed in the light most favorable to Plaintiff, the evidence creates a triable issue as to whether Defendants intended to discriminate against Plaintiff based on her request for future maternity leave [ECF No. 99 pp. 16–18]. For the reasons provided below, the Court agrees.

As an initial matter, the Report rightly analyzed Count V as a FMLA retaliation claim despite it being labeled as an interference claim in the corresponding heading in Amended Complaint [ECF No. 99 p. 17 (explaining that the allegations "more closely match a retaliation claim, for which proof of discriminatory animus would be required")]; *see Smith v. BellSouth Telecommunications, Inc*., 273 F.3d 1303, 1313 (11th Cir. 2001) (explaining that "while the FMLA uses the language of interference, restraint, denial, discharge, and discrimination, not retaliation, . . . . nomenclature counts less than substance") (internal quotations omitted). Second, the Court agrees with the Report's conclusion that a triable issue of facts exists as to whether Defendants "intentionally discriminated against [Plaintiff] for exercising an FMLA right." *Martin v. Brevard Cnty. Pub. Sch.*, 543 F.3d 1261, 1267 (11th Cir. 2008).[5] Furthermore, the Court agrees that

---

[4] Courts analyze Title VII and FCRA retaliation claims under the same analytical framework. *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1389 (11th Cir. 1998).

[5] The Report correctly states that FMLA retaliation claims are analyzed under the same framework as Title VII retaliation claims [ECF No. 99 p. 17]; *see Benz v. Crowley Mar. Corp.*, 732 F. App'x 794, 804 (11th Cir. 2018). Unlike Plaintiff's Title VII and FCRA retaliation claims—which fail for lack of a "causal relationship" between an alleged protected activity and the adverse employment decision, *see supra* p. 6; [ECF No. 99 p. 15]—Plaintiff's FMLA retaliation claim is supported by sufficient evidence of causation. Plaintiff disclosed her pregnancy and request for maternity in October 2021, and Defendants made the decision to terminate her employment approximately two months later [*See, e.g.*, ECF No. 84 ¶¶ 6, 53, 66]. There is no evidence

Plaintiff presented a "convincing mosaic" by which a reasonable factfinder—for purposes of summary judgment—could infer discriminatory intent [ECF No. 99 pp. 17–18]. Defendants' objection that Defendant Marrero was "not the decisionmaker concerning Plaintiff's request for FMLA leave" is immaterial, because Plaintiffs' retaliation claim stems from Defendants' decision to terminate her *based on* her FMLA leave request, not on denial of her FMLA request. *See also Martin*, 543 F.3d at 1267 (requiring only that plaintiff's "employer"—not a FMLA decisionmaker—"intentionally discriminated against [her] for exercising an FMLA right"). In sum, the Report's recommendation that summary judgment be denied as to Count V is proper.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 99] is **ACCEPTED.**

2. Defendants' Motion for Summary Judgment [ECF No. 64] is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order, for the reasons set forth in the underlying Report.

    a. Defendants' Motion is **GRANTED** as to Counts III and IV of Plaintiff's Amended Complaint.

    b. Defendants' Motion is **DENIED** as to Counts I, II, and V.

---

suggesting that Defendants considered terminating Plaintiff prior to her pregnancy disclosure [*See* ECF No. 99 pp. 3–4]. In the months following her disclosure, however—leading up to her formal termination on March 1, 2022—Plaintiff received her first ever written Performance Notice; discovered Defendants had begun searching for her replacement; and received a follow-up Performance Notice [ECF No. 84 ¶¶ 48, 109; ECF No. 69 pp. 61–68]. Accordingly, there exists sufficient evidence to create a genuine issue of fact on the issue of causation. To the extent the Report's analysis on Count V does not address the causation element, the Court's explanation herein confirms the conclusions reached in the Report.

CASE NO. 22-14301-CIV-CANNON/McCabe

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of February 2024.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:　　counsel of record